1
2
3
4                          UNITED STATES DISTRICT COURT
5                        NORTHERN DISTRICT OF CALIFORNIA
6                                 EUREKA DIVISION
7

8    HELEN J. A.,[1]                          Case No.  19-cv-04626-RMI
9                   Plaintiff,
                                              **ORDER ON CROSS MOTIONS FOR**
10          v.                                **SUMMARY JUDGMENT**
11   ANDREW SAUL,                             Re: Dkt. Nos. 23, 26
12                   Defendant.
13

14          Plaintiff, seeks judicial review of an administrative law judge ("ALJ") decision denying

15   her application for disability insurance benefits and supplemental security income under Titles II

16   and XVI of the Social Security Act. Plaintiff's request for review of the ALJ's unfavorable

17   decision was denied by the Appeals Council, thus, the ALJ's decision is the "final decision" of the

18   Commissioner of Social Security which this court may review. *See* 42 U.S.C. §§ 405(g),

19   1383(c)(3). Both parties have consented to the jurisdiction of a magistrate judge (dkts. 6 & 12),

20   and both parties have moved for summary judgment (dkts. 23 & 26). For the reasons stated below,

21   Plaintiff's motion for summary judgment is granted, and Defendant's motion is denied.

22                                **LEGAL STANDARDS**

23          The Commissioner's findings "as to any fact, if supported by substantial evidence, shall be

24   conclusive." 42 U.S.C. § 405(g). A district court has a limited scope of review and can only set

25   aside a denial of benefits if it is not supported by substantial evidence or if it is based on legal

26   error. *Flaten v. Sec'y of Health & Human Servs*., 44 F.3d 1453, 1457 (9th Cir. 1995). The phrase

27   _____

28   [1] Pursuant to the recommendation of the Committee on Court Administration and Case Management of the
     Judicial Conference of the United States, Plaintiff's name is partially redacted.

United States District Court
Northern District of California

"substantial evidence" appears throughout administrative law and directs courts in their review of factual findings at the agency level. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1154 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Sandgathe v. Chater*, 108 F.3d 978, 979 (9th Cir. 1997). "In determining whether the Commissioner's findings are supported by substantial evidence," a district court must review the administrative record as a whole, considering "both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998). The Commissioner's conclusion is upheld where evidence is susceptible to more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

## PROCEDURAL HISTORY

On November 17, 2015, Plaintiff filed an application for benefits, alleging an onset date of July 31, 2015. *See* Administrative Record "*AR*" at 17.[2] As set forth in detail below, the ALJ found Plaintiff not disabled and denied the application on August 14, 2018. *Id*. at 25. The Appeals Council denied Plaintiff's request for review on June 16, 2019. *See id*. at 3-5. Thereafter, on August 9, 2019, Plaintiff sought review in this court (dkt. 1).

## THE FIVE STEP SEQUENTIAL ANALYSIS FOR DETERMINING DISABILITY

A person filing a claim for social security disability benefits ("the claimant") must show that she has the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment" which has lasted or is expected to last for twelve or more months. *See* 20 C.F.R. §§ 416.920(a)(4)(ii), 416.909.[3] The ALJ must consider all evidence in the claimant's case record to determine disability (*see id*. § 416.920(a)(3)), and must use a five-step sequential evaluation process to determine whether the claimant is disabled (*see id*. §

---

[2] The *AR*, which is independently paginated, has been filed in several parts as a number of attachments to Docket Entry #19. *See* (dkts. 19-1 through 16-26).

[3] The regulations for supplemental security income (Title XVI) and disability insurance benefits (Title II) are virtually identical though found in different sections of the CFR. For the sake of convenience, the court will generally cite to the SSI regulations herein unless noted otherwise.

1   416.920). "[T]he ALJ has a special duty to fully and fairly develop the record and to assure that

2   the claimant's interests are considered." *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983).

3        Here, the ALJ set forth the applicable law under the required five-step sequential

4   evaluation process. *AR* at 18-19. At Step One, the claimant bears the burden of showing she has

5   not been engaged in "substantial gainful activity" since the alleged date on which the claimant

6   became disabled. *See* 20 C.F.R. § 416.920(b). If the claimant has worked and the work is found to

7   be substantial gainful activity, the claimant will be found not disabled. *See id*. Here, the ALJ found

8   that Plaintiff meets the insured status requirements of the Social Security Act through March 31,

9   2020; however, the ALJ found that Plaintiff had been steadily engaged in substantial gainful

10  activity since November 13, 2017 – accordingly, the ALJ decision claimed that its focus would be

11  limited to the period between July 31, 2015 (the alleged onset date), and November 13, 2017 (the

12  date on which Plaintiff became engaged in substantial gainful activity). *AR* at 19-20.

13       At Step Two, the claimant bears the burden of showing that she has a medically severe

14  impairment or combination of impairments. *See* 20 C.F.R. § 416.920(a)(4)(ii), (c). "An

15  impairment is not severe if it is merely 'a slight abnormality (or combination of slight

16  abnormalities) that has no more than a minimal effect on the ability to do basic work activities.'"

17  *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005) (quoting S.S.R. No. 96–3(p) (1996)). In this

18  regard, the ALJ found that Plaintiff suffered from the following severe impairments: diabetes

19  mellitus; proliferative diabetic neuropathy with macular edema; severe ischemia; glaucoma; severe

20  neovascular (rubeotic) glaucoma in her left eye; cataracts in both eyes; status post-surgical

21  insertion of glaucoma drainage implant, and phacoemulsification of cataracts with intraocular lens

22  implantation in the left eye; and, diabetic peripheral neuropathy. *AR* at 20.

23       At Step Three, the ALJ compares the claimant's impairments to the impairments listed in

24  appendix 1 to subpart P of part 404. *See* 20 C.F.R. § 416.920(a)(4)(iii), (d). The claimant bears the

25  burden of showing her impairments meet or equal an impairment in the listing. *Id*. If the claimant

26  is successful, a disability is presumed and benefits are awarded. *Id*. If the claimant is unsuccessful,

27  the ALJ assesses the claimant's residual functional capacity ("RFC") and proceeds to Step Four.

28  *See id*. § 416.920(a)(4)(iv), (e). Here, the ALJ found that Plaintiff did not have an impairment or

United States District Court
Northern District of California

3

combination of impairments that met or medically equaled the severity of any of the listed impairments. *AR* at 20. Next, the ALJ determined that Plaintiff retained the RFC to perform light work with the following exceptions and limitations: she is able to occasionally lift and carry 20 pounds, while being able to frequently lift and carry 10 pounds; she can stand and walk for 2 hours in an 8-hour workday, while retaining the ability to sit for at least 6 hours, with the need for a sit-stand option; she requires the use of an assistive device for walking; when seated, Plaintiff should be allowed to elevate one foot approximately 10 inches from the ground for up to 25% of the time; the work should not require to have visual depth perception; and, the work should not call for left-side peripheral vision. *Id*. at 20-23. At Step Four, the ALJ determined that Plaintiff is able to perform her past relevant work as a receptionist, secretary, or as an administrative clerk. *Id*. at 23-25. Accordingly, the ALJ concluded that Plaintiff has not been under a disability, "from July 31, 2015, through the date of this decision [August 14, 2018]." *Id*. at 25.

## DISCUSSION

Plaintiff's disability applications alleged an onset date of July 31, 2015. *Id*. at 17. The ALJ decision found that Plaintiff had been engaged in substantial gainful activity since November 13, 2017, and therefore, the ALJ decision purported to address its findings only to the period between July 31,2015, and November 13, 2017. *See id*. at 19-20. Plaintiff has only advanced three arguments in this court (whether the ALJ erred in not determining that Plaintiff's leg needs to be elevated for twelve, rather than ten inches during 25% of the workday; whether pain causes deficits in Plaintiff's ability to pay attention and concentrate; and, whether the ALJ erred in rejecting some fraction of Plaintiff's pain and symptom testimony). *See* Pl.'s Mot. (dkt. 23) at 5-11; *see also* Pl.'s Reply (dkt. 27) at 3-7. Plaintiff has not challenged the ALJ's determination that her employment (from November of 2017 forward) constitutes substantial gainful activity.

In reviewing the entirety of the ALJ's decision to determine whether each finding was based on substantial evidence, the court noticed a major disconnect between the decision itself, the scope of the hearing before the ALJ, and the statement in the decision to the effect that its "findings [will] address the period[] the claimant did not engage in substantial gainful activity." *See AR* at 19-20. First, a review of the transcript for the hearing before the ALJ reveals that *none*

United States District Court
Northern District of California

4

United States District Court
Northern District of California

1    of the inquiries rendered during the course of that hearing were focused on the finite disability

2    period. *See generally id.* at 33-62. Instead, the ALJ, Plaintiff, and Plaintiff's representative all

3    proceeded as though the matter was not constrained to a closed-end and finite disability period that

4    ranged between July of 2015 and November of 2017. In addition to this defect in the development

5    of the hearing record (pertaining to the 27-month disability period), the ALJ's decision is attended

6    with the same flaw. That is, while the decision states (at the outset) that its findings are limited to

7    the 27-month period at issue, the entire remainder of the decision contains no indication that its

8    findings are in any way limited to that period – nor could they be because the ALJ failed to

9    develop the record in a manner that would involve a focused inquiry into this discrete period of

10   time. *See generally id.* at 19-25. For example, the portion of the ALJ decision focused on

11   Plaintiff's hearing testimony is either entirely focused on her activities *after* the 27-month

12   disability period, or describes events and conditions without any reference to date or time at all.

13   *See id.* at 21-23. Likewise, the portion of the ALJ decision focused on the medical opinion

14   evidence suffers from the same defect. *See id.* at 23. Due to this failure to develop a record that

15   would be focused on the 27-month period in question, it is impossible for this court to determine if

16   the ALJ's findings from Step Two forward are based on substantial evidence.

17        It is well established that "[t]he ALJ in a social security case has an independent 'duty to

18   fully and fairly develop the record and to assure that the claimant's interests are considered.'"

19   *Tonapetyan v. Halter*, 242 F.3d 1144, 1151 (9th Cir. 2001) (*quoting Smolen*, 80 F.3d 1273, 1288

20   (9th Cir. 1996)). Because administrative proceedings of this sort are inquisitorial in nature, the

21   ALJ is not permitted to simply sit back and take the role of a mere umpire; instead, the ALJ must

22   scrupulously and conscientiously probe into the matter and actively explore for any and all

23   relevant facts. *See Widmark v. Barnhart*, 454 F.3d 1063, 1068 (9th Cir. 2006) (citing *Higbee v.*

24   *Sullivan*, 975 F.2d 558, 561 (9th Cir. 1992)). If there is so much as an ambiguity in the evidence,

25   or if the ALJ – or a reviewing court – finds that the record is inadequate for proper evaluation of

26   the evidence, such a finding likewise triggers the ALJ's duty to conduct an appropriate inquiry.

27   *See Tonapetyan*, 242 F.3d at 1151 (citing *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996)).

28   Because Social Security proceedings are inquisitorial rather than adversarial, "[i]t is the ALJ's

United States District Court
Northern District of California

1    duty to investigate the facts and develop the arguments both for and against granting benefits."

2    *Sims*, 530 U.S. at 110-11 (citing Dubin, *Torquemada Meets Kafka: The Misapplication of the*

3    *Issue Exhaustion Doctrine to Inquisitorial Administrative Proceedings*, 97 Colum. L. Rev. 1289,

4    1301-1305, 1325-1329 (1997)); *see also Richardson v. Perales*, 402 U.S. 389, 400-01 (1971)

5    ("This, we think, is as it should be, for this administrative procedure, and these hearings, should be

6    understandable to the layman claimant, should not necessarily be stiff and comfortable only for the

7    trained attorney, and should be liberal and not strict in tone and operation. This is the obvious

8    intent of Congress so long as the procedures are fundamentally fair.").

9        Accordingly, the ALJ must take reasonable steps to ensure that the issues and questions

10    raised by the medical evidence are carefully and properly addressed, by an appropriate

11    professional with the relevant professional background, so that the disability determination may be

12    fairly made on a sufficient evidentiary record, whether favorable or unfavorable to the claimant.

13    *See Tidwell v. Apfel*, 161 F.3d 599, 602 (9th Cir. 1999); *see also Smolen*, 80 F.3d at 1288 ("If the

14    ALJ thought he needed to know the basis of [a doctor's] opinion[ ] in order to evaluate [it], he had

15    a duty to conduct an appropriate inquiry, for example, by subpoenaing the physician[ ] or

16    submitting further questions to [him or her]."). In fact, when it is necessary to enable the ALJ (and

17    by extension, a reviewing court) to resolve a disability issue, the ALJ's duty to develop the record

18    may require consulting a medical expert or ordering a consultative examination. *See Tonapetyan*,

19    242 F.3d at 1150 (the ALJ may develop the record in several ways, including by subpoenaing the

20    claimant's physicians, submitting questions to the claimant's physicians, continuing the hearing,

21    or keeping the record open after the hearing to allow for supplementation of the record).

22        As mentioned, because of the failure to develop the record, as it relates to the 27-month

23    period in question, it is not possible for this court to review any of the ALJ's findings (from Step

24    Two forward) to determine whether or not they were supported by substantial evidence.

25    Accordingly, the case must be remanded so that a proper record can be developed. On remand, the

26    ALJ is **ORDERED** to: (1) contact Plaintiff's treating physician, Matthew Joseph, M.D., in order

27    to solicit a revised version of his opinion, as to Plaintiff's functional limitations, that would be

28    exclusively focused on the 27-month period in question; and (2) the ALJ shall convene and

United States District Court
Northern District of California

conduct a second hearing that should similarly be focused on the 27-month disability period in question. The court declines to address Plaintiff's remaining issues not only because they can be adequately addressed on remand, but also because the calculus underlying those issues will likely change on remand given the holdings expressed herein. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand."); *see also Gutierrez v. Comm'r of Soc. Sec.*, No. 18-cv-02348-RMI, 2019 U.S. Dist. LEXIS 165711, at *30-31 (N.D. Cal. Sep. 25, 2019); *Abdul-Ali v. Berryhill*, No. 18-cv-03615-RMI, 2019 U.S. Dist. LEXIS 138512, 2019 WL 3841995, at *7 (N.D. Cal. Aug. 15, 2019); *Augustine ex rel. Ramirez v. Astrue*, 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[The] Court need not address the other claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand."). On remand, the Commissioner is instructed to consider the other issues raised in Plaintiff's briefing and modify the ensuing ALJ opinion as appropriate. *See Cortes v. Colvin*, No. 2:15-cv-02277-GJS, 2016 U.S. Dist. LEXIS 40580, 2016 WL 1192638, at *4 (C.D. Cal. Mar. 28, 2016); *Cochran v. Berryhill*, No. 3:17-cv-00334-SB, 2017 U.S. Dist. LEXIS 212380, at *21 (D. Or. Dec. 28, 2017).

## CONCLUSION

Thus, for the reasons stated above, Plaintiff's Motion for Summary Judgment (dkt. 23) is **GRANTED**, and Defendant's Cross-Motion (dkt. 26) is **DENIED**. The case is **REMANDED** for further proceedings pursuant to the instructions provided herein.

**IT IS SO ORDERED.**

Dated: March 23, 2021

ROBERT M. ILLMAN
United States Magistrate Judge